UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODERICK CRAWFORD,

    Petitioner,

vs.
CASE NO. 8:11-cv-1866-T-30TGW
CRIM. CASE NO. 8:07-cr-454-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1).  According to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a judge "must dismiss the motion" when it "plainly appears . . . that the moving party is not entitled to relief."  Petitioner's motion is untimely and does not warrant relief.  Therefore, it must be denied.

### Procedural Background

Petitioner was charged by Superseding Indictment with conspiracy to possess with intent to distribute and distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine (CR Dkt. 113).  On March 25, 2008, Petitioner pleaded guilty pursuant to a written plea agreement.  (CR Dkts. 259, 295).  On June 23, 2008, Petitioner was sentenced

as a career offender under U.S.S.G. § 4B1.1 to one hundred eighty-eight (188) months imprisonment to be followed by five years of supervised release. (CR Dkt. 348).[1] Petitioner did not appeal.

Petitioner signed his original Section 2255 motion on January 18, 2011. (CV Dkt. 1).[2] Petitioner presents one ground for relief:

> **Ground One:**    Petitioner is actually innocent of his career offender sentence in light of the decision in *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).

## Discussion

## I.    Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, establishes a one-year limitation period for Section 2255 motions. *See Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). Specifically, Section 2255 provides that the one-year limitation shall run from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

---

[1]Although the recommended guideline range was 262 to 327 months imprisonment, the Court granted the Government's Rule 35 motion to reduce Petitioner's sentence based on his substantial assistance. (CR Dkts. 337, 338, 339).

[2]The motion to vacate was not filed in this Court until August 18, 2011. Petitioner, however, asserts that he originally mailed the motion to vacate to this Court on January 18, 2011. (CV Dkt. 1-2).

                    retroactively applicable to cases on collateral review; or

       (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  *See also Pruitt v. United States*, 274 F.3d 1315, 1317 (11th Cir. 2001).

Petitioner pleaded guilty and judgment was entered on June 23, 2008.  (CR Dkt. 348). Petitioner filed no direct appeal.  Consequently, under the appellate rules in effect when the judgment was entered, Petitioner's conviction became final on July 7, 2008, when the ten-day period for filing a notice of appeal expired.  Fed. R. Crim. P. 45(a)(1); Fed. R. App. P. 4(b)(1)(A)(i) (West 2005).  Petitioner had until July 7, 2009, to timely file a Section 2255 motion.  Taking as true Petitioner's assertion that he originally mailed his Section 2255 motion on January 18, 2011, Petitioner did not file his original Section 2255 motion until more than eighteen months after the expiration of Section 2255's one-year limitation. Consequently, the motion is time-barred.

Notwithstanding, liberally construing Petitioner's motion to vacate (CV Dkt. 1 at p. 11), he argues that his motion is timely because he filed it within one year of the decision in *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).  In *Johnson*, the United States Supreme Court held that, under Florida law, a felony battery conviction is not a "violent felony" under the Armed Career Criminal Act.  Petitioner contends that, pursuant to *Johnson*, his prior conviction for battery on a law enforcement officer used in determining his status as a career offender would not now qualify as a "crime of violence" and, therefore, he does not qualify as a career offender.  Relying upon 28 U.S.C.§ 2255(f)(3),

Petitioner argues that *Johnson* established a new substantive rule of law that applies retroactively on collateral review and, consequently, the March 2, 2010, decision in *Johnson* triggered the start of his federal limitation for timely filing a Section 2255 motion. *See* 28 U.S.C. § 2255(f)(3). Petitioner's argument lacks merit.

First, for Petitioner to avail himself of the date of the *Johnson* decision to establish the timeless of his motion under Section 2255(f)(3), he must demonstrate that *Johnson* applies retroactively. *Johnson* includes no statement from the Supreme Court that the decision applies retroactively to cases on collateral review. No binding Eleventh Circuit decision requires retroactive application of *Johnson* to Petitioner's Section 2255 motion and he cites no legal authority to support his contention that *Johnson's* date is the appropriate trigger for the federal limitation in determining the timeliness of this Section 2255 motion. Consequently, the timeliness of Petitioner's motion is calculated from July 7, 2008, the date that his conviction became final. As discussed above, the instant motion, filed on January 18, 2011, is untimely and federal review is precluded absent a demonstration of equitable tolling.

Equitable tolling requires both extraordinary circumstances and due diligence. *Diaz v. Sec'y, Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004). To establish eligibility for equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling "is an extraordinary remedy that

must be applied sparingly." *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir. 2008). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

A change in the law is not an extraordinary circumstance. *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007). Consequently, Petitioner cannot avail himself of the benefit of equitable tolling because he fails to demonstrate an extraordinary circumstance that prevented him from timely filing his Section 2255 motion.

## II.     Actual innocence

To the extent that Petitioner asserts the argument that he is actually innocent of the career offender enhancement (CV Dkt. 1-1), he cannot obtain relief.  Generally, actual innocence may serve to overcome the procedural bar caused by the untimely filing of a Section 2255 motion. *United States v. Montano*, 398 F.3d 1276, 1280 (11th Cir. 2005). However, "actual innocence" does not apply to a career offender designation because that designation is not a separate substantive offense for which Petitioner stands convicted. *See Gilbert v. United States*, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the § 4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.") ("*Gilbert II*"). *See also Bido v. United States*, 2011 WL 2899606 at *2 (11th Cir. July 20, 2011) (applying *Gilbert II* and rejecting the petitioner's claim that he was actually innocent of the career offender enhancement).  Accordingly, Petitioner cannot satisfy the actual

innocence exception to lift the procedural bar caused by his failure to timely file his motion to vacate.

## III.   Cognizability

Even assuming, *arguendo*, that *Johnson* applies retroactively rendering Petitioner's Section 2255 motion timely, he is not entitled to relief.  Collateral relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).  Petitioner challenges the trial court's application of the Sentencing Guidelines, a non-constitutional issue that provides no basis for collateral relief. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998).

## IV.   Appeal waiver

Even assuming, *arguendo*, that Petitioner's claim were cognizable, Petitioner's appeal waiver bars its review.  Petitioner's written plea agreement includes an express waiver of his right to appeal or collaterally attack his sentence:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines: (b) the ground that the sentence exceeds the statutory maximum penalty; or ( c) the ground that the sentence violates the Constitution;

provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(CR Dkt. 259, pp. 11-12) (emphasis in original).

An appeal waiver in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). A knowing and voluntary waiver precludes a defendant from collaterally attacking his conviction in a Section 2255 motion. *Williams v. United States*, 396 F.3d at 1342. Petitioner neither challenges the validity of his plea agreement or the waiver, nor argues that any of the exceptions specified in the waiver apply to permit collateral review of his claim. Consequently, Petitioner's claim is barred from federal review in this Section 2255 motion.

### Evidentiary hearing

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue . . . only if the

applicant has made a substantial showing of the denial of a constitutional right."  *Id*. at

§ 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

further.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*,

463 U.S. 880, 893 n. 4 (1983)).  Petitioner cannot make the requisite showing in these

circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he

is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate,

Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.  The

clerk is directed to enter judgment against Petitioner and to close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 23, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner, *pro se*
         Counsel of record