# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


RODERICK CRAWFORD,

      Petitioner,

vs.                              CASE NO. 8:11-cv-1866-T-30TGW
                                     CRIM. CASE NO. 8:07-cr-454-T-30TGW

UNITED STATES OF AMERICA,

      Respondent.

_____/

## <u>ORDER</u>

Before the Court is Petitioner's Motion for Reconsideration Pursuant [sic] Rule 59(e) of Fed.R.Civ.P. (CV Dkt. 5). Petitioner moves the Court to alter or amend the judgment entered after the Court issued an order on August 23, 2011, denying Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (see CV Dkts. 3, 4).

### Background

Petitioner was charged by Superseding Indictment with conspiracy to possess with intent to distribute and distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine (CR Dkt. 113). On March 25, 2008, Petitioner pleaded guilty pursuant to a written plea agreement (CR Dkts. 259, 295). On June 23, 2008, Petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to one hundred eighty-eight (188) months imprisonment to be followed by five years of supervised release (CR Dkt. 348). Petitioner did not appeal.

Petitioner signed his original Section 2255 motion on January 18, 2011 (CV Dkt. 1).

On August 23, 2011, the Court denied Petitioner's Section 2255 motion (CV Dkt. 3), finding

that the motion was time-barred, Petitioner did not satisfy the actual innocence exception to

the time bar, his claim was not cognizable in a Section 2255 motion, and he waived his right

to collaterally attack his sentence (Id.).  On September 1, 2011, Petitioner filed his Rule 59(e)

motion (CV Dkt. 5).

**Analysis**

"'The only grounds for granting [a Rule 59] motion are newly-discovered evidence

or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)

(quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)).  Petitioner does not present

newly-discovered evidence.  Instead, Petitioner argues that: 1) the Court should not have

dismissed his Section 2255 motion as time-barred because he filed it within one year of the

decision in *Johnson v. United States*, 130 S.Ct. 1265 (2010), which he claims established a

new substantive rule of law that applies retroactively on collateral review; 2) his claim is

cognizable in a Section 2255 motion because he challenged his sentence as illegal and

unconstitutional; and 3) his claim meets the exception in his appeal waiver which allows him

to collaterally challenge his sentence on the ground that it exceeds his applicable guidelines

range as determined by this Court.

There is no manifest[1] error of law or fact in the order denying Petitioner's Section 2255 motion.  The guideline range determined by this Court at sentencing was 262 to 327 months imprisonment (CR Dkt. 338).  Petitioner was sentenced to 188 months imprisonment (CR Dkt. 348).  Therefore, his sentence does not exceed the guidelines range as determined by this Court.  Thus, his claim does not meet that exception to his waiver of his right to challenge his sentence collaterally.  Accordingly, his claim is barred by the appeal waiver in his plea agreement.  *See Boyle v. United States*, 2011 U.S. App. LEXIS 22623, at *7 (11th Cir. Nov. 7, 2011) (unpublished opinion) ("to the extent Boyle's § 2255 motion claims that, in light of *Archer*, the district court erroneously applied the § 4B1.1 career offender enhancement in the guidelines, that issue is barred by Boyle's sentence appeal waiver in his plea agreement").

Moreover, this Court determined that Petitioner's claim is not cognizable under Section 2255.  Petitioner fails to demonstrate that this determination was a manifest error of law.  *See McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011) ("we leave for another day the question of whether [a claim that defendant was erroneously sentenced as a career offender] is cognizable under § 2255. . ."); *United States v. Coley*, 336 Fed. Appx. 933, 936 (11th Cir. 2009) (unpublished opinion) ("Because his status as a career offender is a non-constitutional issue that Coley could have raised on direct appeal, it is not cognizable on collateral review under  § 2255.").  To the extent Petitioner now argues, for the first time,

---

[1]"'Manifest' means 'evident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, undubitable, indisputable, evident, and self-evident.'" *Montes v. Shearson Lehman Bros.*, 128 F.3d 1456, 1461 (11th Cir. 1997) (quoting Black's Law Dictionary 962 (6th ed. 1990)).

that his sentence is "illegal" and "unconstitutional" (CV Dkt. 5 at 2-3), Petitioner may not use Rule 59(e) to raise a new claim that could have been asserted before judgment was entered. *See Henderson v. Fla. Dep't of Corr.*, 2011 U.S. App. LEXIS 19389, at \*3 (11th Cir. Sept. 21, 2011) (unpublished opinion) ("A Rule 59(e) motion cannot be used to raise arguments or present evidence that could have been raised before judgment was entered."). Moreover, his claim that his sentence is illegal and unconstitutional is procedurally defaulted because he did not raise it on direct appeal. *Boyle*, 2011 U.S. App. LEXIS 22623, at \*13 ("To the extent Boyle's § 2255 motion raised a due process claim not barred by his sentence appeal waiver, Boyle procedurally defaulted that claim by not raising it in a direct appeal of his sentence.").

Finally, the Court's determination that Petitioner's Section 2255 motion was time-barred was not a manifest error of law or fact. Petitioner fails to demonstrate that his Section 2255 motion was timely under § 2255(f)(3) because he does not show that *Johnson* applies retroactively.

Accordingly, the Court **ORDERS** that Petitioner's Motion for Reconsideration Pursuant [sic] Rule 59(e) of Fed.R.Civ.P. (CV Dkt. 5) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


SA:sfc
Copy to: Petitioner *pro se*
          Counsel of Record