**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RODERICK CRAWFORD,

    Petitioner,

v.                                            Case No:  8:11-cv-1866-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(6) (Doc. 18). Crawford seeks relief from the order and judgment rendered August 23, 2011, denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docs. 3, 4).

Rule 60(b)(6) provides, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." A motion filed under the catchall provision contained in Rule 60(b)(6) must be filed within a "reasonable time . . . after the entry of the judgment or order." Rule 60(c)(1). "The law is well established that Rule 60(b)(6) affords relief from a final judgment only under extraordinary circumstances." *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990). "[E]xtraordinary circumstances that warrant the reopening of a judgment 'will rarely occur in the habeas context.'" *Howell v. Sec'y, Fla. Dep't of Corr.*,

730 F.3d 1257, 1260 (11th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

Crawford contends that he is entitled to reconsideration of his petition under Rule 60(b)(6) based upon the Eleventh Circuit's recent decision in *Murdock v. United States*, 589 F. App'x 526 (11th Cir. 2015).[1]  In *Murdock*, the Eleventh Circuit took note of a memorandum issued by the United States Department of Justice to all federal prosecutors regarding enforcement of appeal waivers that included waivers of claims of ineffective assistance of counsel on direct appeal and collateral attack. *Id.* at 527.  The memorandum provided, "[f]or cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve."[2]  Because the government withdrew its reliance on the petitioner's collateral-attack waiver in light of the policy articulated in the memorandum, the Eleventh Circuit vacated the judgment of the district court and remanded for an evidentiary hearing regarding the petitioner's claim of ineffective assistance of counsel. *Murdock*, 589 F. App'x at 527.

---

[1] Crawford also cites *Simmons v. United States*, No. 6:13-cv-112, 2015 WL 247696 (S.D. Ga. Jan. 15, 2015) (relying on *Murdock* in vacating its previous order on the petitioner's § 2255 petition), in support of his motion for reconsideration.  Because the discussion in *Simmons* does not differ significantly from the discussion in *Murdock*, the Court concludes that it is unnecessary to discuss *Simmons* separately.

[2] *See* Memorandum from James M. Cole, Deputy Attorney General, to All Federal Prosecutors (Oct. 14, 2014), *available at* http://www.fd.org/docs/select-topics/pleas/memorandum-to-all-federal-prosecutors-from-james-m-cole-deputy-attorney-general-on-waivers-of-ineffective-assistance-of-counsel-in-plea-agreements-%2810-14-14%29.pdf?sfvrsn=6.

Crawford's reliance on *Murdock* is misplaced for several reasons. First, and most important, Crawford's § 2255 petition was denied, not due to the appeal waiver, but because it was time-barred. (Doc. 3). To the extent the Court discussed the merits of Crawford's claim and deemed it waived pursuant to a valid appeal waiver, such discussion was merely by way of explanation to Crawford that even if his claim were not time-barred, it would still fail on the merits. (Doc. 3 at 6-7). Second, Crawford's claim did not involve a claim of ineffective assistance of counsel, and therefore *Murdock* and the memorandum discussed therein are inapplicable to his claim. Finally, even if *Murdock* applied to Crawford's claim, it does not entitle him to relief under Rule 60(b)(6) because a change of law does not provide grounds for relief under Rule 60(b)(6) unless it is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2254(e)(2)(A)(i); *see also Gonzalez*, 545 U.S. at 532-33; *Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014). *Murdock* is not such a case and provides no basis for Crawford's requested relief.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(6) (Doc. 18) is DENIED.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Crawford is not entitled to a certificate of appealability ("COA"). "It is still the law of [the Eleventh C]ircuit that 'a [COA] is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in

3

a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding.'" *Jackson v. Crosby*, 437 F.3d 1290, 1294 (11th Cir. 2006) (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1263 (11th Cir. 2004)).

"[I]n cases involving denials of Rule 60(b) motions on procedural grounds without reaching the merits of any constitutional claims," such as here, "a petitioner will be granted a [COA] 'only if [he] makes *both* a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong.'" *Id.* at 1295 (quoting *Gonzalez*, 366 F.3d at 1267). "These two 'substantial showings,' both procedural and substantive, mean that it must be 'debatable among reasonable jurists' both that the petitioner was denied a constitutional right, and that the district court's procedural decision was wrong." *Id.* (citing *Gonzalez*, 366 F.3d at 1268). Crawford has not made the requisite showing in these circumstances. Because Crawford is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 18th day of March, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2011\11-1866 (T) Crawford v. USA.docx

4