**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RODERICK CRAWFORD,

    Petitioner,

v.                                          Case No:  8:11-cv-1866-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

# ORDER

THIS CAUSE comes before the Court upon Petitioner Roderick Crawford's motion for reconsideration under Federal Rule of Civil Procedure 60(b)(4) of the order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 20). On August 18, 2011, Petitioner filed a motion pursuant to § 2255 raising one ground for relief.  (Doc. 1).  The Court denied the motion as untimely and explained to Petitioner that his claim was without merit.  (Doc. 3).  Petitioner appealed the decision, and the Eleventh Circuit affirmed.  (Doc. 17).

On July 20, 2015, Petitioner filed the present Rule 60(b) motion, arguing that he is entitled to reconsideration of the order denying his § 2255 petition in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016). (Doc. 20).  The Court construes Petitioner's Rule 60(b)(6) motion as a successive § 2255 petition and concludes that it should be dismissed.

Federal Rule of Civil Procedure 60 provides only a limited basis upon which a petitioner may seek relief in a habeas case. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). "[A] Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Id.* 1293-94 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).[1] But where, "a Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion is not a successive habeas petition." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

Here, Petitioner does not attack "some defect in the integrity" of his prior federal habeas proceedings. Rather, he argues an additional basis for relief pursuant to *Johnson*. Accordingly, Petitioner's Rule 60(b)(4) motion is more properly construed as a successive § 2255 petition. Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) "newly discovered evidence that, if proven and viewed in the light of the evidence as a whole,

---

[1] *Gonzalez* addressed the relationship between a Rule 60(b) motion and a motion filed pursuant to 28 U.S.C. § 2254, but the Eleventh Circuit has subsequently held that *Gonzalez* also applies to motions filed pursuant to § 2255. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012).

would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Because Petitioner has not sought authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition."). If Petitioner wishes to seek relief under § 2255, he should file a motion with the Eleventh Circuit requesting authorization to file a second or successive habeas petition.[2]

For Petitioner's benefit, however, the Court notes that Petitioner would not be entitled to relief under *Johnson*. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563.

Petitioner was charged with conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana and 5 kilograms or more of cocaine. On March 25, 2008, Petitioner pleaded guilty pursuant to a written plea agreement. Petitioner was sentenced as a career offender under United States Sentencing Guideline § 4B1.1 to 188 months'

---

[2]The Court cannot determine whether Petitioner is entitled to a certificate of appealability ("COA") because "[w]here a district court lacks subject matter jurisdiction over a Rule 60(b) motion, . . . it also lacks jurisdiction to grant a COA." *See Williams*, 510 F.3d at 1294.

imprisonment followed by 5 years' supervised relief. Petitioner's career offender status under U.S.S.G. § 4B1.1 was premised upon his prior convictions for sale of cocaine and battery of a law enforcement officer. (PSR at ¶ 82).

Petitioner was not sentenced under the ACCA. Rather, Petitioner was sentenced pursuant to the career criminal guideline, U.S.S.G. § 4B1.1. In *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), the Eleventh Circuit held that the Supreme Court's decision in *Johnson* did not apply to U.S.S.G. § 4B1.2.[3] Thus, Petitioner would not be entitled to relief under *Johnson*.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's motion for reconsideration under Federal Rule of Civil Procedure 60(b)(4) (Doc. 20) is DISMISSED.

2. The Clerk is directed to terminate the duplicate motion filed at Doc. 21 as moot.

3. This case remains closed.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of April, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[3] The United States Sentencing Commission recently adopted amendments to the guidelines which included, among other things, removal of the residual clause from U.S.S.G. § 4B1.2. The amendment becomes effective August 1, 2016. The amendment is not retroactive.